IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH – NORTHERN DIVISION

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE,<br><br>        Plaintiff,<br><br>v.<br><br>SKCSS FAMILY TRUST OF 2004, and COREY L. JOHNSON,<br><br>        Defendants. | **RULING AND ORDER ON PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION**<br><br>Case No.: 1:22-cv-00141<br><br>Magistrate Judge Dustin B. Pead |

    Plaintiff American United Life Insurance ("Plaintiff") moves for an order allowing for service by publication on Defendant SKCSS Family Trust of 2004 (the "Trust") pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure.[1] Upon review, Plaintiff's motion is sufficiently supported and service by publication appears reasonably calculated to give the Trust actual notice of the lawsuit. Accordingly, Plaintiff's Motion for Alternative Service is granted.[2]

---

[1] Fed. R. Civ. P. 4(e)(1), Utah R. Civ. P. 4(d)(4)(A).

[2] ECF No. 7, Plaintiff's Motion for Service by Publication.

## BACKGROUND

In 2011, Plaintiff American United Life Insurance Company ("Plaintiff") issued Decedent Lynn Forsgren Johnson ("Decedent") a life insurance policy.[3] Decedent designated the SKCSS Family Trust of 2004 ("Trust") as the policy's primary beneficiary.[4] Decedent died on March 18, 2022, after which his son, Defendant Corey Johnson ("Johnson"), in his capacity as personal representative of Decedent's estate, made a claim for the proceeds of the policy.[5]

On October 19, 2022, Plaintiff filed its complaint for Interpleader and Other Equitable and Declaratory Relief against Johnson and the Trust.[6] Johnson accepted service,[7] and filed his answer on November 11, 2022.[8] In his answer, Johnson states that Decedent "made a clerical error and/or mistake in naming [the] 'SKCSS Family Trust of 2004' as the primary beneficiary of the insurance proceeds [. . . , and that] no such trust or entity ever was or has been created by the Decedent [. . .] or any other family member or person."[9]

Because there was no claim to the proceeds by the Trust and no further information on the identity of the Trustee, Plaintiff filed its pending Motion for Service by Publication ("Motion") seeking to serve the Trust by publishing notice of the lawsuit in a newspaper of regular circulation in Power and Bannock Counties, Idaho.[10]

---

[3] ECF No. 2, Complaint at ¶¶7, 9.

[4] *Id.* at ¶ 8.

[5] *Id.* at ¶ 10.

[6] ECF No. 2, Complaint.

[7] ECF No. 4, Defendant Corey L. Johnson's Waiver of Service.

[8] ECF No. 5, Answer to Complaint.

[9] *Id.* at ¶ 14.

[10] ECF No. 7, Plaintiff's Motion for Service by Publication.

## LEGAL STANDARDS

Service on a Trust may be accomplished by effecting service on the Trustee.[11] Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual by methods permitted under state law in the state where the district is located.[12] Plaintiff filed its complaint in the District of Utah; therefore, Utah law applies.

Pursuant to Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure, "if the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[13] The motion must include "[a]n affidavit or declaration supporting the motion [and setting] forth the efforts made to identify, locate, and serve the party."[14]

## DISCUSSION

In general, service by publication is disfavored because "publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court."[15] Consequently, "litigants may not resort to service by publication until they have first undertaken

---

[11] Fed. R. Civ. P. 4(h)(1); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).

[12] Fed. R. Civ. P. 4(e)(1)

[13] Utah R. Civ. P. 4(d)(5)(A).

[14] *Id.*

[15] *AVT N.J., L.P. v. Cubitac Corp.,* 2019 U.S. Dist. LEXIS 205378 at *3 (D. Utah Nov. 25, 2019) (citation omitted); *see also Boddie v. Connecticut,* 401 U.S. 371, 382, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971) ("[P]ublication . . . is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings.").

reasonably diligent efforts to locate the party to be served."[16] A determination of reasonable diligence "focuses on the plaintiff's efforts to locate the defendant" and includes factors such as "the projected expense of searching" for the defendant as well as "the number and type of sources of available information regarding their possible whereabouts . . . ."[17] While reasonable diligence does not require a plaintiff to "exhaust all possibilities" it does "require more than perfunctory performance."[18]

Here, Plaintiff identifies reasonable and diligent efforts it has taken to locate and serve the Trust. Indeed, as set forth in the Motion and accompanying affidavit, Plaintiff utilized other "readily available sources of information"[19] to attempt to locate the Trust by: mailing four separate letters to the Trust, c/o Johnson, to inform Johnson of the proceeds due and owing,[20] ascertaining through a public records search that the residence in American Falls, Idaho where the Trust was registered was owned by the Lynn F. Johnson Family Trust---not the SKCSS Family Trust of 2004---until it was sold in 2015,[21] and obtaining information that the Lynn F. Johnson Family Trust is in existence and that Johnson is the Lynn F. Johnson Family Trust's current Trustee.[22]

---

[16] *Id.*

[17] *Id.* at *3-4 (citation omitted).

[18] *Id.* at *4 (citation omitted).

[19] *Jackson Construction Co. v. Marrs,* 2004 UT 89 at ¶ 20; 100 P.3d 1211, 1217 (Wolfe, J., concurring).

[20] ECF No. 7, Exhibit 1, Letters to Corey Johnson dates March 23, 2022, April 22, 2022, May 23, 2022, and July 22, 2022.

[21] ECF No. 7-4, Affidavit of Edna S. Kersting at ¶ 9.

[22] *Id.* at ¶ 11. Further, under Decedent's will, all assets of Decedent's estate pour over into the Lynn F. Johnson Family Trust, which provides equally for all five children of the Decedent. *See,* ECF No. 7-2 at 34-39, "Last Will and Testament of Lynn F. Johnson".

To ensure Johnson's claim that the Trust does not exist is unerring, and to comport with the Trust's due process interest, Plaintiff properly seeks service through publication in a newspaper of regular circulation in Power and Bannock Counties Idaho, where the Trustee is assumed to be located.[23] Under the circumstances where Plaintiff is unable to find the identity or whereabouts of the Trust, service by publication appears reasonably calculated to appraise the Trust and Trustee of this action.

Accordingly, Plaintiff's Motion is granted and Plaintiff is authorized to serve the Trust by publication.[24]

DATED: December 23, 2022.

BY THE COURT:

_____
Dustin B. Pead
Chief U.S. Magistrate Judge

---

[23] ECF No. 2 at ¶ 4.
[24] ECF No. 7.