THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SKCSS FAMILY TRUST OF 2004, and COREY L. JOHNSON, as Personal Representative of the ESTATE OF LYNN FORSGREN JOHNSON,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>Case No. 1:22-cv-00141<br><br>District Judge David Barlow |

On October 19, 2022, Plaintiff American United Life Insurance Company filed the complaint in this action.[1] This is an action in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, in which Plaintiff seeks a discharge of its liability concerning life insurance benefits due as a result of the death of Lynn Forsgren Johnson ("Decedent") under a Whole Life Insurance Policy issued by Plaintiff on Decedent's life.[2] Plaintiff identified two claimants: Corey L. Johnson, the personal representative of the Decedent's Estate and the son of Decedent, and the SKCSS Family Trust of 2004.[3] Plaintiff asserts the court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, the diversity statute, and 28 U.S.C. § 1335, the federal interpleader statute.[4]

---

[1] Compl., ECF No. 2.
[2] *Id.* at ¶ 1.
[3] *Id.* at ¶¶ 3–4.
[4] *Id.* at ¶ 5.

Under the federal interpleader statute,

> The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any . . . corporation . . . having issued a . . . policy of insurance . . . of value or amount of $500 or more . . . if [t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such . . . policy . . . .[5]

Under the diversity statute,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.[6]

Both statutes require that the court determine the citizenship of the SKCSS Family Trust of 2004. The federal interpleader statute requires minimal diversity: at least two of the claimants must be diverse.[7] As there are only two claimants, SKCSS Family Trust of 2004 and Mr. Johnson must be diverse. The diversity statute requires complete diversity,[8] and "thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."[9]

For "unincorporated entities, [courts] have 'adhere[d] to [the] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its]

---

[5] 28 U.S.C. § 1335(a).
[6] *Id.* § 1332(a). Subsection (d) addresses class actions.
[7] *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967).
[8] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).
[9] *Caterpillar Inc*, 519 U.S. at 68.

2

members.'"[10] When the trust itself is party to litigation, "'the citizenship of the trust is derived from all the trust's 'members,'" which 'includes the trust's beneficiaries.'"[11] The trust's membership may also include, "in addition to its beneficiaries, its trustees."[12]

Here, Plaintiff alleged that the "SKCSS Family Trust of 2004 is an Idaho trust, registered at" an American Falls, Idaho address.[13] Plaintiff did not allege the citizenship of the SKCSS Family Trust's beneficiaries, nor its trustee(s). When it received the case on May 16, 2023, the court issued an Order to Show Cause, directing Plaintiff to plead the citizenship of the SKCSS Family Trust of 2004.[14] Plaintiff responded, asserting that Decedent was the trustee of the SKCSS Family Trust of 2004.[15] Plaintiff also noted that Mr. Johnson is the surviving son of the Decedent.[16] Plaintiff did not identify nor plead the citizenship of the current trustees or any of the trust's beneficiaries. The court acknowledges Plaintiff's stated efforts in attempting to locate the SKCSS Family Trust of 2004,[17] but its inability to ascertain the membership of the trust precludes the court's exercise of subject matter jurisdiction in this case.

---

[10] *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)).
[11] *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 739 n.1 (10th Cir. 2018) (quoting *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015)).
[12] *Americold Logistics*, 776 F.3d at 1182.
[13] Compl. ¶ 4.
[14] Docket Text Order, ECF No. 19.
[15] Pl.'s Resp. in Compliance with the Court's Order to Show Cause, ECF No. 20, filed May 30, 2023.
[16] *Id.* at 2.
[17] *See* Pl.'s Mot. for Service by Publication 4–5, ECF No. 7 (detailing Plaintiff's efforts).

## ORDER

IT IS HEREBY ORDERED that the action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Motion for Default Judgment[18] is DENIED as moot.

Signed June 1, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[18] ECF No. 15, filed May 9, 2023.